UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| C.P., a Minor, by and through his Mother and Next Friend, KELSIE PULLIAM, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 3:22-cv-00006-GFVT |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | **&** **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the United States' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. [R. 5.] For the reasons that follow, the motion will be GRANTED.

**I**

On September 24, 2021, C.P., by and through his Mother and Next Friend, Kelsie Pulliam, sued Women's Care of the Bluegrass, PLLC and Frankfort Hospital, Inc. in Franklin County Circuit Court after C.P suffered "a brain injury with resulting complications" during delivery. [R. 1-1.] Plaintiffs sued for negligence against Women's Care of the Bluegrass, PLLC and Frankfort Hospital, Inc., and negligent infliction of emotional distress against both defendants. *Id.* at 11–13. The United States removed the case to the Eastern District of Kentucky on January 14, 2022. [R. 1.] On January 18, the United States filed a Motion to Substitute the United States in place of Women's Care of the Bluegrass, PLLC, which was granted. [R. 4; R. 6.]

The United States also filed a Motion to Dismiss on January 18, arguing that the Plaintiffs had failed to exhaust their administrative remedies and asking the Court to dismiss the case without prejudice. [R. 5-1 at 3.] On April 19, the Court issued a Show Cause Order requiring C.P. to respond to the United States' Motion to Dismiss within seven days or face dismissal of all claims. [R. 8.] C.P. responded on April 26, stating that "Plaintiffs recognize that it is appropriate for their claims against the United States [] be dismissed without prejudice…so that Plaintiffs may comply with 28 U.S.C. § 2675(a)." [R. 9.] The Plaintiffs also asked that their claims against Frankfort Hospital, Inc. be remanded to Franklin County Circuit Court. *Id.*

## II

Because Plaintiffs are seeking damages for personal injury from a health center that is covered by the Federal Tort Claims Act, exhaustion of administrative remedies is required. The FTCA states that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). This exhaustion requirement cannot be waived. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Harris v. City of Cleveland*, 7 F. App'x 452, 458 (6th Cir. 2001) (finding "the FTCA requires a plaintiff to exhaust administrative remedies prior to instituting such a lawsuit") (citing § 2675(a)).

Here, there is no record that the Department for Health and Human Services received a claim from the Plaintiffs, which means that the Plaintiffs failed to present their claims to the

proper federal agency before they filed suit. [R. 5-1 at 3.] Plaintiffs recognize that their claims against the United States should be dismissed without prejudice "so that [they] may comply with 28 U.S.C. § 2675(a)." Therefore, the Court will grant the United States' Motion to Dismiss. Because the Court lacks subject matter jurisdiction over the federal claims, only state law claims remain, and the Court will remand the state law claims to Franklin County Circuit Court. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)).

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The United States' Motion to Dismiss for Lack of Jurisdiction **[R. 5]** is **GRANTED**;

2. The Plaintiffs' negligence and negligent infliction of emotional distress claims against the United States are **DISMISSED WITHOUT PREJUDICE**;

3. The Court's April 19, 2022, show cause order is **DISCHARGED**;

4. The Plaintiffs' negligence and negligent infliction of emotional distress claims against Frankfort Hospital, Inc. are **REMANDED** to Franklin County Circuit Court; and

5. This matter is stricken from the Court's active docket.

This the 29th day of April, 2022.

Gregory F. Van Tatenhove
United States District Judge

4